**WO**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cheng-Hsiu Chen, | No. CV-21-00744-PHX-SMB |
| Plaintiff, | **ORDER** |
| v. | |
| Salt River Project, | |
| Defendant. | |

Pending before the Court is Defendant Salt River Project's ("SRP") Motion to Dismiss, (Doc. 8), to which Plaintiff responded, (Doc. 18), and SRP replied, (Doc. 20). Also pending before this Court is Plaintiff's Motion to Remand, (Doc. 11), to which SRP has responded, (Doc. 12). Although the Court scheduled oral argument on SRP's Motion to Dismiss, (Doc. 22), Plaintiff requested there be none, (*see* Doc. 23), and SRP agreed, (Doc. 25). Finding that oral argument is not necessary to resolve the pending motions and having considered the parties' briefing and relevant case law, the Court will grant SRP's Motion to Dismiss and deny Plaintiff's Motion to Remand for reasons explained below.

## I.     BACKGROUND

Plaintiff worked for SRP as an engineer from approximately June of 1994 until his termination in June of 2001. (Doc. 1-3 at 14–15.) This action arises out of that employment—and subsequent termination—and is the fifth lawsuit that Plaintiff has filed against SRP on the topic. The following is a brief history between the parties.

First, in January of 2000, Plaintiff filed a charge of discrimination with the Equal

Employment Opportunity Commission ("EEOC"), alleging that SRP discriminated against him on the basis of race by giving him a sub-par performance evaluation in 1999 ("First EEOC Charge").  (Doc. 1, Exh. 1 at ¶ 11.)  Plaintiff then filed a lawsuit against SRP in October of that same year ("2000 Lawsuit") based on the allegations contained in the First EEOC Charge.  (*See* Doc. 1, Exh. 2.)  The court ultimately dismissed the action in January of 2001 for lack of service.  (*Id.*)

Then, in February of 2001, Plaintiff filed a second charge with the EEOC ("Second EEOC Charge") against SRP—this time alleging retaliation for filing the First EEOC Charge, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000 et seq. ("Title VII").  (Doc. 1, Exh. 3 at 3.)   In June of 2001, SRP terminated Plaintiff's employment.  About a month later, Plaintiff filed a lawsuit ("2001 Lawsuit") related to the Second EEOC Charge, alleging that SRP had retaliated against him by refusing to provide him with performance evaluations after the First EEOC Charge.  (Doc. 1, Exh. 1.)  Plaintiff later amended his complaint, alleging violations of Title VII, 42 U.S.C. § 1981(a), and Arizona law.  (Doc. 4, Ex. 4.)  SRP moved for summary judgment, (Doc. 1, Exh. 3), and Plaintiff moved to amend the complaint—seeking to add a claim of disability discrimination under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112–12213 ("ADA").  (Doc. 1, Exh. 5.)  Before the parties completed their briefing on Plaintiff's Motion to Amend, however, the court granted SRP's Motion for Summary Judgment ("MSJ"), (Doc. 1, Exh. 6), and entered judgment, (Doc. 1, Exh. 7), which the Ninth Circuit affirmed on appeal, (Doc. 1, Exh. 8).

Meanwhile, only five days after SRP filed their MSJ in the 2001 Lawsuit, Plaintiff filed a third charge with the EEOC against SRP ("Third EEOC Charge"), alleging ADA violations for SRP's refusal to rehire or reinstate Plaintiff.  (*See* Doc. 1, Exh. 5.)  While the Ninth Circuit was considering the 2001 Lawsuit, Plaintiff filed a third lawsuit in December of 2002 ("2002 Lawsuit") related to the ADA claims contained in the Third EEOC Charge, which he previously attempted to add to the 2001 Lawsuit.  (*See* Doc. 1, Exh. 9.)  SRP filed another MSJ arguing, in part, that Plaintiff's ADA claims were untimely and that the

1    deadlines could not be equitably tolled.  (Doc. 1, Exh. 10 at 7–11.)  Eventually, after a lack

2    of response from Plaintiff, the court granted SRP's Motion for Summary Adjudication, as

3    well as SRP's MSJ.  (Doc. 1, Exh. 12.)

4         Once more, in June of 2003, Plaintiff filed a charge with the EEOC against SRP

5    ("Fourth EEOC Charge"), this time alleging that SRP had violated Title VII and the ADA.

6    (*See* Doc. 1, Exh. 14 at 3 ¶ 17.)  Plaintiff then filed a fourth lawsuit against SRP in January

7    of 2006 ("2006 Lawsuit"), alleging that SRP violated Title VII, 42 U.S.C. § 1981, and the

8    ADA.  (Doc. 1, Exh. 14 at 3.)  The court subsequently dismissed Plaintiff's claims, without

9    prejudice, for failure to prosecute.  (*See* Doc 1 at 5, Exh. 15.)

10        Now, about twenty years after SRP terminated Plaintiff, Plaintiff alleges that his

11   former supervisor, Mr. Underhill, defamed him during a reference call and that SRP

12   unlawfully discriminated against him in 2000, while he was still employed by SRP.  (Doc.

13   1-3 at 2.)  On December 17, 2020, Plaintiff filed another charge with the EEOC against

14   SRP ("Fifth EEOC Charge"), alleging that SRP discriminated against him based on his

15   disability.  (*Id.* at 2, 14–15.)  The EEOC issued a Notice of Right to Sue on January 2,

16   2021, (*Id.* at 20), and Plaintiff filed this Complaint on April 5, 2021. (*See generally id.*)

17   SRP has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6).  (Doc. 8 at 1.)

18   **II.    JURISDICTION**

19        Plaintiff argues that this case should be remanded to state court because (1) "two-

20   thirds" of Plaintiff's claims involve state laws, (2) this action was designated as an

21   "intentional tort," (3) most events and parties involved are located locally, and (4) state

22   courts are better equipped to handle state tort and defamation claims.  (Doc. 11 at 1.)

23   Although he does not articulate it as such, Plaintiff's argument is essentially that this Court

24   does not have federal question jurisdiction over his claims.  (*See id*. at 1–2.)  The Court

25   disagrees.

26        Where a district court has original jurisdiction, a civil case initiated in state court

27   "may be removed by the defendant" to the United States district court "where such action

28   is pending."  28 U.S.C.A. § 1441(a).  One type of original jurisdiction is federal question

jurisdiction, which provides a district court "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Plaintiff asserts discrimination claims under the ADA—a federal law—which provides the Court with federal question judication in this matter. *See Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 386 (1998) ("[T]he presence of *even one claim* 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original jurisdiction of the district court for removal." (emphasis added)). Thus, the Court has jurisdiction over this matter.

Moreover, Plaintiff's argument—that he primarily asserts state law claims—does not change the Court's finding that it has jurisdiction. Where the Court has original jurisdiction in a civil action, as it does here, the Court also has "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy." 28 U.S.C.A. § 1367. To determine whether claims form "part of the same case or controversy" the court must evaluate whether the federal claims and state claims involve a "common nucleus of operative facts." *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1195 (9th Cir. 2005) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)).

Here, there is a common nucleus of operative facts between Plaintiffs ADA claims and his defamation claim. Plaintiff alleges that one of his former supervisors at SRP, Mr. Underhill, defamed him during a reference call in 2002. In his Fifth EEOC Charge, Plaintiff discusses the reference call in support of his discrimination claims. (*See* Doc. 1-3 at 14–15.) Plaintiff's allegation that SRP retaliated against him under the ADA, based upon Mr. Underhill's reference call, illustrates that the facts giving rise to Plaintiff's defamation and discrimination claims come from a common nucleus of operative facts. Accordingly, this Court has supplemental jurisdiction over the state law claim.

Therefore, the Court has original jurisdiction over the federal claims and supplemental jurisdiction over the remaining state claim. Consequently, SRP's removal was appropriate, and the Court will deny Plaintiff's requested remand.

1

### III.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet the requirements of Rule 8(a)(2).  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).  A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the non-moving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).  However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss."  *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998).

### IV.   DISCUSSION

Plaintiff's claims are untimely, and there is no equitable remedy that can save them.[1]

#### A.  Untimely Defamation Claim

Plaintiff's defamation claim is time-barred because it is brought against a public entity but is not brought within the required timeframe for so doing.

In Arizona, a Plaintiff who wishes to sue a public entity must bring his claim "within

---

[1] SRP argues that Plaintiff's ADA claims are also barred by the doctrine of *res judicata*. (Doc. 8 at 12–15.)  Because the Court is dismissing Plaintiff's complaint on other grounds, it need not—and does not—address this argument.

one year after the cause of action accrues and not afterward." A.R.S. § 12-821. SRP is a "political subdivision of Arizona." *SolarCity Corp. v. Salt River Project Agric. Improvement & Power Dist.*, 859 F.3d 720, 723 (9th Cir. 2017) (citing A.R.S. § 48-2302). Accordingly, SRP is considered a "public entity" within the meaning of A.R.S. § 12-821 and is subject to the one-year statute of limitations found therein. Similarly, Arizona requires litigants to file a notice of claim with a public entity within 180 days after a cause of action accrues. A.R.S. § 12-821.01(A). As such, the issues before the Court are (1) whether Plaintiff filed his defamation claim within one year of its accrual, and (2) whether Plaintiff filed the related notice of claim within 180 days of the cause of action's accrual.

The same meaning of "accrual" applies to the notice of claim statute and the statute of limitation for filing a claim. *See Stulce v. Salt River Project Agr. Imp. & Power Dist.*, 3 P.3d 1007, 1010 (Ariz. Ct. App. 1999) (explaining that A.R.S. § 12-821 does not define "accrual" but courts apply the common law "discovery rule" to the statute of limitation and that A.R.S. § 12-821.01(B) reinstated the common law discovery rule to the notice of claim statute). In this context, accrual means "when the damaged party realizes he or she has been damaged and knows or reasonably should know the cause, source, act, event, instrumentality or condition that caused or contributed to the damage." A.R.S. § 12-821.01(B). Thus, the relevant inquiry is when Plaintiff knew—or reasonably should have known—of the existence of the allegedly defamatory phone call. *See id.*

Although the reference call took place on October 22, 2002, it is not clear that Plaintiff learned of the call's existence on this date. (*See* Doc. 8 at 7; Doc 18 at 4.) As SRP notes, however, Plaintiff knew—or reasonably should have known—of the call by the date he filed his Complaint in the 2006 Lawsuit. There, Plaintiff alleged that SRP retaliated against Plaintiff by "providing bad employment references." (Doc. 1, Exh. 14 at 2 ¶ 14.) Plaintiff does dispute this assertion. (*See* Doc. 18 at 4.)

The Court finds that Plaintiff knew, or reasonably should have known, of the allegedly defamatory reference call no later than January 20, 2006—the date he filed the Complaint in the 2006 Lawsuit. Consequently, Plaintiff would have had to file (1) his

1    notice of claim within 180 days of January 20, 2006, and (2) his related lawsuit by no later

2    than January 20, 2007.  *See* A.R.S. § 12-821 and -821.01.  Plaintiff filed neither notice, nor

3    lawsuit within the prescribed timeframe.  Therefore, the statute of limitation has run, and

4    Plaintiff's defamation claim is untimely.

5              **B.  Untimely ADA Claim**

6              Plaintiff's discrimination and retaliation[2] claims under the ADA are similarly

7    untimely.  To bring a claim for discrimination or retaliation under the ADA, Plaintiff must

8    have first filed a charge with the EEOC—or the Arizona Civil Rights Division—within

9    300 days after the alleged discriminatory or retaliatory events.  *See* 42 U.S.C. § 12117(a)

10   (incorporating by reference Title VII's 300-day limitation period, as outlined in 42 U.S.C.

11   § 2000e-5(e)(1)).

12             Plaintiff asserts that SRP discriminated against him based on his disability in

13   December of 2000.  (Doc. 1-3 at 2.)  Plaintiff filed the Fifth EEOC Charge—underlying

14   the current action—on December 17, 2020, which is more than 20 years after the alleged

15   discrimination.  (*See* Doc. 1-3 at 14–15.)  Accordingly, the Fifth EEOC Charge is untimely

16   as it related to discrimination under the ADA.  The same is true of the retaliation claim that

17   Plaintiff asserts under the ADA.

18             As discussed, the allegedly negative reference call occurred on October 22, 2002,

19   and Plaintiff's knew—or should have known—by January 20, 2006 that SRP had

20   purportedly retaliating against him by providing negative employment references.  *See*

21   discussion *supra* Section III.A; (*see also* Doc. 1, Exh. 14 at 2 ¶ 14).  Thus, any charge

22   regarding the alleged retaliation should have been filed by November 16, 2006, which is

23   300 days after January 6, 2006.  This deadline came and went without Plaintiff filing the

24   _____

25   [2] It is unclear from the Complaint whether Plaintiff intended to assert a defamation claim,
     or an ADA retaliation claim regarding Mr. Underhill's allegedly negative reference call.
26   (*See generally* Doc. 1-3.)  However, because Plaintiff filed his Complaint *pro se*, his
     pleading will be "liberally construed" and "held to less stringent standards than formal
27   pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Though the
     Court has already addressed the state law defamation claim, the Court will also analyze
28   Plaintiff's allegation as a retaliation claim pursuant to the ADA.

1    relevant retaliation charge.  As such, his Fifth EEOC Charge for retaliation is time-barred.

2        **C. Equitable Remedies**

3        Given the untimeliness of Plaintiff's claims, Plaintiff can only proceed if some

4    equitable remedy is applicable to prevent the dismissal of his Complaint.

5            1.  State Law Claim (Defamation)

6        The Court notes at the outset that Plaintiff appears to make an equitable tolling

7    argument only as it related to his discrimination claims under the ADA and not his state

8    law defamation claim.  (*See* Doc. 1-3 at 2, 14–15.).   However, because Plaintiff is

9    proceeding *pro se*, the Court liberally construes his pleadings and addresses the possible

10   equitable tolling of Arizona's notice of claim statute.  *See Erickson*, 551 U.S. at 94.

11       Arizona's notice of claim statute contains an equitable tolling provision that allows

12   "a minor or an insane or incompetent person" to file a claim within 180 days "after the

13   disability ceases."  A.R.S. § 12 821.01(D); *see McCarthy v. Scottsdale Unified Sch. Dist.*

14   *No. 48*, 409 F. Supp. 3d 789, 818 (D. Ariz. 2019) ("The notice of claim statute is subject

15   to equitable estoppel and tolling.").  However, this does not aid Plaintiff.

16       Plaintiff's PTSD did not prevent him from suing SRP years ago for the same cause

17   of action.  As the Court explained above, Plaintiff knew of the allegedly defamatory call

18   by January 20, 2006—the date he filed his Complaint in the 2006 Lawsuit, where he alleged

19   that SRP retaliated against him by "providing bad employment references."  (Doc. 1, Exh.

20   14 at 2 ¶ 14.)   That Plaintiff may not have had all the facts of the negative reference call

21   does not aid him because he is currently suing on the same cause of action as the 2006

22   Lawsuit.  *See ARA Inc. v. City of Glendale*, 360 F. Supp. 3d 957, 970 (D. Ariz. 2019) ("For

23   a cause of action to accrue, the plaintiff must at least possess a minimum requisite of

24   knowledge sufficient to identify that a wrong occurred and caused injury, *but need not*

25   *know all the facts underlying the cause of action*."  (quoting *Cruz v. City of Tucson*, 401

26   P.3d 1018, 1021 (Ariz. Ct. App. 2017) (emphasis added) (cleaned up))).

27       Put differently, Plaintiff cannot claim that he was too mentally incompetent to bring

28   suit on the negative references when Plaintiff has, in fact, already sued SRP for those same

negative references. *See McCarthy*, 409 F. Supp. 3d at 818–19 (finding that parent's untimely notice of claim—regarding the alleged assault of their non-verbal, developmentally disabled son—could not be equitably tolled because they had taken other legal action related to the same cause of action).  Therefore, Plaintiff's defamation claim cannot be equitably tolled and will be dismissed.

### 2.  Federal Claims (Disability Discrimination)

Plaintiff claims that his PTSD prevented him from realizing that SRP had discriminated against him based on his disability and argues that the EEOC filing deadline should not be imposed here.  (*See* Doc. 1-3 at 2, 14–15; Doc. 18 at 2–3.)  The untimeliness of Plaintiff's ADA claims can only be excused if some equitable remedy exists.

The doctrines of equitable estoppel and equitable tolling can be applied to save claims that are untimely filed with the EEOC.  *See Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000), *rejected on other grounds by Socop-Gonzalez v. I.N.S.*, 272 F.3d 1176, 1196 (9th Cir. 2001) ("[F]ailure to file an EEOC charge within the prescribed 300–day period is not a jurisdictional bar, but it is treated as a violation of a statute of limitations, complete with whatever defenses are available to such a violation, such as equitable tolling and estoppel."); *see also* 42 U.S.C. § 12117(a) (incorporating by reference Title VII's 300-day limitation period, as outlined in 42 U.S.C. § 2000e-5(e)(1)).

"[E]quitable tolling applies when the plaintiff is unaware of his cause of action, while equitable estoppel applies when a plaintiff who knows of his cause of action reasonably relies on the defendant's statements or conduct in failing to bring suit." *Stitt v. Williams*, 919 F.2d 516, 522 (9th Cir. 1990).  Because defendant does not assert that SRP in any way prevented him from discovering the existence of his alleged ADA claims, equitable estoppel is inapplicable here.  Accordingly, the question before the Court is whether Plaintiff's filing deadline should be equitably tolled.

"Federal courts have typically extended equitable relief only sparingly," *Irwin v. Dep't of Veterans Affs.*, 498 U.S. 89, 90 (1990), and equitable tolling applies only "in situations where, despite all due diligence, the party invoking equitable tolling is unable to

obtain vital information bearing on the existence of the claim." *Socop-Gonzalez*, 272 F.3d at 1193 (quoting *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1207 (9th Cir. 1995)) (cleaned up).  Moreover, courts have only permitted mental illness or incapacity as a justification for equitable tolling in limited circumstances.  *See Grant v. McDonnell Douglas Corp.*, 163 F.3d 1136, 1138 (9th Cir. 1998) ("We recognize that some courts have allowed equitable tolling of the limitations period for other federal claims, *but only in exceptional circumstances*, such as institutionalization or adjudged mental incompetence of the litigant." (emphasis added)); *Biester v. Midwest Health Servs., Inc.*, 77 F.3d 1264, 1268 (10th Cir. 1996) ("The few courts which have recognized an exception for mental incapacity have limited the application of this equitable doctrine to exceptional circumstances."); *Lopez v. Citibank, N.A.*, 808 F.2d 905, 907 (1st Cir. 1987) (opining that where Plaintiff had previously been represented by counsel, who pursued his discrimination claim before the EEOC, "a federal court should assume that the mental illness was not of a sort that makes it equitable to toll the statute—at least absent a strong reason for believing the contrary").

Plaintiff's equitable tolling argument is unpersuasive for two reasons.

First, Plaintiff does not explain how his PTSD prevented him from timely filing the claims asserted in this action.  Instead, Plaintiff makes a general statement in the Complaint that by September of 2020, his memory and concentration had recovered enough to allow him to comprehend the disability discrimination.  (Doc. 1-3 at 9.)  But a general, unsupported statement such as this is not sufficient to establish that Plaintiff's mental illness prevented him from asserting these claims years ago.  *See Pareto*, 139 F.3d at 699. Plaintiff's Complaint, as well as his Response to Defendant's Motion to Dismiss, is filled with similar unsupported claims, but provides nothing more.  (*See generally* Docs. 1-3; 18.)

Second, Plaintiff's protracted litigation history with SRP contradicts his claim that his mental illness prevented him from pursuing these claims until recently.  Before this case, Plaintiff filed four lawsuits and four charges of discrimination against SRP—all

arising out of his employment with, and termination from, SRP.  Notably, Plaintiff's Third EEOC Charge alleged that SRP had discriminated against him in violation of the ADA. (Doc. 1, Exh. 5 at 6.)  The same is true of Plaintiff's 2002 Lawsuit, which likewise alleged that SRP violated the ADA.  (Doc. 1, Exh. 9.)  Additionally, Plaintiff's Fourth EEOC Charge alleged that SRP had violated Title VII and the ADA, (Doc. 1, Exh. 14 at 3), and the 2006 Lawsuit asserted several claims for discrimination and retaliation, based in part on alleged violations of the ADA.  (*Id.* at 1–3.)  If Plaintiff was not in the proper mental state to pursue his discrimination claims under the ADA, one could not surmise it from a glance at his legal history.

Therefore, the doctrine of equitable tolling cannot be applied to save Plaintiff's untimely ADA claim and, consequently, the Court must dismiss them.

## V.     CONCLUSION

Accordingly,

**IT IS ORDERED** denying Plaintiff's Motion to Remand.  (Doc. 11.)

**IT IS FURTHER ORDERED** granting SRP's Motion to Dismiss.  (Doc. 18.)

**IT IS FURTHER ORDERED** instructing the Clerk to enter judgment in accordance with this Order and close this case.

Dated this 17th day of December, 2021.

Honorable Susan M. Brnovich
United States District Judge

- 11 -